UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFAME W. ONWUKA,

                Plaintiff,

-against-

CITIBANK, NA; VINCENT ZAPPOLA;
CITIGROUP, INC.,

                Defendants.

20-CV-6064 (CM)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is employed with wages of $700.00 per week and has additional unspecified income from a business, profession, or self-employment. He asserts that he has approximately $115.03 in a bank account and that he owns property that is worth approximately "$600,000,000." (ECF No. 1, at 2.) Plaintiff indicates that he has six dependents, has housing expenses of approximately "100,000,000$," and monthly expenses for phone and "exchange fees totaling $281.21. (*Id.*) He also asserts that he has a debt of approximately "100,000,000$." (*Id.*) Because Plaintiff indicates implausibly that he pays $100,000,000.00 in housing expenses with weekly wages of $700.00, and states that he owns property valued at $600,000,000.00, the Court is unable to conclude that he lacks sufficient funds to pay the fees for this action.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit an amended IFP application. If Plaintiff submits an amended IFP application, it should be labeled with docket number 20-CV-6064 (CM), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. Plaintiff must answer each question on the amended IFP application, and clearly state all sources of income, property owned, and all monthly expenses. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 3, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge